UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELO CASCIA,
DERIVATIVELY;

Plaintiff,

v. Case No.: 2:26-cv-02562-KCD-NPM

WAYNE GILBERT WEST, SCOTT M. HARALSON, FRANCIS S BLAKE, LUCY CLARK DOUGHERTY, COLIN FARMER, VINCENT J. INTRIERI, MICHAEL GREGORY O'HARA, ANDREW SHANNAHAN, EVANGELINE VOUGESSIS, THOMAS WAGNER, HERTZ GLOBAL HOLDINGS, INC., NOMINAL DEFENDANT;

Defendants,
_______________________________/

## CIVIL ACTION ORDER

All individuals and entities appearing in this case must comply with this order. On first appearance, **counsel are deemed familiar with this order** and all other court and clerk notices and orders in this case. Except for in-house counsel, **only counsel of record** may participate in out-of-court proceedings, including discovery conferences, depositions, and court-ordered mediation.

### 1. Service of Process

If a responding party named in a complaint, a third-party complaint, or

an answer with a counterclaim or crossclaim, remains unserved **112 days after the filing of any such pleading**, then the party or parties responsible for effecting—or obtaining a waiver of—service of process must, by that date, show cause why the unserved party should not be dropped for lack of service. *See* Fed. R. Civ. P. 4(m); M.D. Fla. Rule 1.10(a) (requiring proof of service within 21 days after service).[1] **A failure to show cause promptly** why proof or waiver of service cannot be timely filed **may result in the case being dismissed or**, if there are multiple parties, **in a party being dropped** from this action **without further notice**.

Before seeking leave to use a non-traditional method of service or requesting a finding that a party is evading service or concealing whereabouts, a party must diligently pursue and exhaust all traditional methods of service available under applicable law. *See e2Companies, LLC v. Kurtzhals*, No. 2:23-cv-704-JLB-NPM, 2023 WL 7128923 (M.D. Fla. Oct. 5, 2023).

## 2. Local Rule 3.03 Disclosure Statement

On first appearance, each party must file a Civil Disclosure Statement using the template available under the "Forms" tab on each judge's webpage. *See* Fed. R. Civ. P. 7.1; M.D. Fla. Rule 3.03. Each party must **immediately** cure any noncompliance. The court may deny relief, including an extension,

[1] References to "Local Rule" mean the Middle District of Florida Local Rules, and references to "Rule" mean the Federal Rules of Civil Procedure (but references to Rule 502(d) mean the Federal Rules of Evidence).

until the required form is filed.

**3. Designating Lead Counsel**

On first appearance, each party must also "designate only one 'lead counsel' who—unless the party changes the designation—remains lead counsel throughout the action." M.D. Fla. Rule 2.02(a). If a party has not already designated its lead counsel in a pleading, motion, or other paper, then it must **immediately** file a Notice of Lead Counsel Designation.

**4. Appearance and Withdrawal of a Lawyer**

A lawyer seeking special admission must use the sample motion available in the "Special Admission to Practice" section of the "Admissions" page under the "For Lawyers" tab on the court's website. The motion must include a Local Rule 3.01(g) certification unless no other party has appeared.

A lawyer seeking to withdraw as counsel of record must use the sample motion available under the "Forms" tab on the homepage of the court's website. Except as provided by Local Rule 2.02(c)(2), such a motion must be filed by each withdrawing lawyer.

Failure to respond to a clerk's notice regarding admission or contact information may result in termination of counsel-of-record status without further notice.

**5. Parties Proceeding Without Counsel**

Each paper filed by an unrepresented party must state the party's mailing address, email address, and telephone number. Failure to promptly

update this information may result in dismissal of a plaintiff's case or default against a defendant.

**6. Artificial Intelligence**

AI tools may generate content that appears plausible but is, in fact, inaccurate. The court will not tolerate false or misleading citations or factual or legal assertions. By filing a paper, the filer certifies that every cited authority and item of evidence exists and is accurately described. Violations may result in significant monetary or other sanctions.

**7. Amended Pleadings**

An unopposed motion for leave to amend is often unnecessary. **To avoid motion practice**, an amended pleading—other than one filed as of right under Rule 15(a)(1)—may, and often should, be filed without the court's leave. The pleading, or a contemporaneously filed notice, would state that it is filed pursuant to the without-leave provision of Rule 15(a)(2).

**8. Rule 26(f) Meeting, Case Management Report, and Rule 16(b) Conference**

*a. CMR Form*

In most civil actions, the parties must conduct a Rule 26(f) meeting and submit a discovery plan by filing a Case Management Report (CMR). The parties must use the template available under the "Forms" tab on each judge's webpage.[2] The "Preferences" tab on each assigned judge's webpage gives

[2] The "Forms" tab on each judge's webpage also includes a Patent Case Management Report for patent cases requiring claim construction, and an ERISA Case Management Report for ERISA actions involving the review of an administrative record.

parameters for the parties to follow when submitting the CMR. If the parties submit an incomplete or perfunctory CMR, or use the wrong form, the court may strike it and require the parties to meet in person and resubmit.

*b. Exceptions*

**No CMR is initially needed for an action in which the court enters a special scheduling order**. For all excepted proceedings under Local Rule 3.02(d) except 3.02(d)(1), the parties must file a notice titled: "Notice of Exception Under Local Rule 3.02(d)" and state that a CMR will not be filed. **Any Notice of Exception must be filed within seven days of this order**.

*c. Rule 26(f) Meeting*

When preparing the CMR, the parties must thoughtfully consider the proportional needs of the case given the claims, defenses, and other considerations in Rule 26(b)(1), and meaningfully discuss all issues identified in Rules 16(b)(3), 16(c)(2), 26(f)(2) and 26(f)(3). The parties are urged to involve in-house counsel and information-technology personnel when it could be helpful; to include at least one in-person meeting between the parties or their counsel when reasonably feasible; and to use video conferencing rather than telephone conferences. The parties are encouraged to serve early requests to produce documents under Rule 26(d)(2) to inform their Rule 26(f) meeting.

*d. Discovery Stipulations*

If matters like confidentiality agreements, electronically-stored-information protocols, regimes for resolving privilege or work-product claims,

or Rule 502(d) orders may be appropriate, the parties should exchange drafts before the Rule 26(f) meeting and reduce them to stipulations during or immediately afterward. *See* M.D. Fla. Rule 3.05. Other than Rule 502(d) orders or protective orders required by statute (for example, the Privacy Act of 1974), the court does not adopt or endorse confidentiality or other discovery agreements as protective orders but will enforce reasonable provisions of such agreements.[3]

*e. Rule 16(b) Conference*

The assigned Magistrate Judge will consider the parties' CMR and will usually conduct a Rule 16(b) conference before issuing a Case Management and Scheduling Order (CMSO). Counsel and unrepresented parties must appear for any such conference and be prepared to discuss the issues listed in Rule 16. **Filing the CMR does not relieve the parties from attending the Rule 16(b) conference**.

**9. Notice of Related Action**

The parties must file a Notice of Related Action even if no related action exists, notwithstanding any contrary instruction in the CMR form. Using the template under the "Forms" tab on each judge's webpage, the parties must jointly file a single notice that identifies **and describes** any related action

[3] The court cannot compel parties to enter into a confidentiality agreement. If a party unreasonably (1) opposes protecting or (2) claims protection for confidential information, the court may impose an award of attorney's fees and costs against the offending party or counsel. *See* Fed. R. Civ. P. 37(a)(5).

pending or closed in this court or elsewhere. *See* M.D. Fla. Rule 1.07(c). They must file the notice with the CMR, but in a separate docket entry.

**10. Motions**

*a. Mutual and Continuing Duty to Confer*

Before filing most motions, the movant must confer with the opposing party in a good-faith effort to resolve the issues. *See* M.D. Fla. Rule 3.01(g). The movant must confer with every party **and any non-party against whom relief is sought**. The court strictly enforces this motion-related conference requirement to foster communication between the parties, narrow or resolve issues without court involvement, and ensure that disputes are neither under- nor overstated when first presented to the court for resolution.

For anything other than an unopposed motion, the term "confer" requires a **substantive conversation** in person, by telephone, or via videoconference. Email or letter exchanges alone do not suffice. Nor does a perfunctory phone call. An attempt to confer is not a conference. If a motion is opposed, the 3.01(g) certificate must state the length of the conference. If a motion is summarily denied without prejudice for failure to comply with Local Rule 3.01(g), the movant has **seven days** to cure the defects and file any renewed motion.

After a motion is filed and for as long as it remains pending, the court encourages the parties to continue to confer in good faith to narrow or resolve the issues presented and promptly apprise the court of any full or partial resolution.

b. *Filing Exhibits Electronically*

Documents that accompany a paper must be filed as separate PDF files, and each must be given a concise, unique, and objective label using the category and description fields provided by the CM/ECF system, such as "Exhibit 1 – Sale and Purchase Agreement," "Exhibit 2 – Demand Letter," and "Exhibit 3 – Deposition of Denver Smith;" and not "Exhibit – A," "Exhibit – B," and "Exhibit – C." Exhibits should be numeric and correspond with the order in which they are filed (that is, Exhibit 1 should be the first docketed attachment). The court may strike filings that fail to heed this directive. Do not use a slip sheet or cover page. The first page of the exhibit must be the exhibit itself. Finally, a previously filed document need not be refiled and should instead be cited by document number (for example, "Doc. 1-1").

c. *Filing non-PDF Exhibits*

Unconventional exhibits, such as videos, audios, or spreadsheets too unwieldy to render in PDF form, must be filed with the clerk on a tangible device, like a USB thumb drive, bearing an appropriate label. **A motion for leave to file unconventionally is not necessary**. Instead, the filing party need only file a notice describing the contents of the unconventional filing and its crossmatch to any citations in another paper. The parties may exchange the contents of the tangible item via any agreed means.

d. *Motions to Extend a Deadline or Reschedule a Hearing*

Any motion to extend a deadline, amend a scheduling order, or

reschedule a hearing must specify:

(1) the basis of the need for the extension, including when the basis became known to the movant;

(2) the specific date(s) to which the movant is requesting the deadline(s) be extended or the hearing be rescheduled, and whether all parties have confirmed the date(s); and,

(3) the action(s) and specific date(s) for the action(s) that will enable the movant to meet the proposed new deadline(s) or hearing date, including, but not limited to, confirming the availability of any required participants, such as non-party witnesses or experts.

*e. "Emergency" or "Time-Sensitive" Motions*

An emergency presents the type of scenario where a person's life is in danger, a parcel of real estate may be rendered entirely useless, or a ruinous calamity is about to descend upon the community at large. Impending deadlines or forthcoming discovery events **do not present emergencies** and rarely justify requests for relief denoted as time sensitive—especially when filed on the eve of an event rather than when the issue first became discernible. If a motion warrants an emergency or time-sensitive designation, the movant must call the clerk's office **and** an assigned judge's chambers to advise about the filing.[4] Because the filing of such a paper immediately draws the court's

[4] *See also* M.D. Fla. Admin. Procedures for Elec. Filing § C.4.

attention away from other matters, **an unwarranted designation of a motion as an emergency or time sensitive is sanctionable**. *See* M.D. Fla. Rule 3.01(f); *see also Nogess v. Poydras Ctr., LLC*, No. 2:16-cv-15227-JCZ-MBN, 2017 WL 396307, *15 (E.D. La. Jan. 30, 2017) (finding an hour of federal court time worth $1,500 in 2016 dollars).

*f. Motions to Strike*

The court disfavors motions to strike and often considers them timewasters. A movant must review *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and *United States Securities & Exchange Commission v. Spartan Security Group,* No. 8:19-cv-448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019), and then certify such review in the motion and explain why the requested relief is warranted notwithstanding the rationale and authorities discussed therein.

*g. Motions to Seal*

**"Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation."** M.D. Fla. Rule 1.11(a). Conclusory or speculative allegations concerning the nature of the documents or the harms that may result from disclosure do not justify an order to seal. Rather, the court must carefully balance the need to facilitate the acquisition and use of relevant information by the parties against the general presumption that substantive aspects of a civil action are a matter of public concern. *See generally Romero v. Drummond Co.*, 480 F.3d 1234,

1245–48 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-1315 (11th Cir. 2001).

When filing or seeking leave to file items under seal, or referring to items that plausibly qualify for sealing, the parties must strictly adhere to Local Rule 1.11. To properly discharge their Local Rule 3.01(g) obligations, **the parties must confer to minimize the need for any redactions or placeholders**. When the item to be sealed is not a tangible item like a thumb drive, Local Rule 1.11(b)(6) does not apply.

**11. Videoconference Proceedings**

By stipulation, the parties may depose witnesses or mediate by videoconference. *See* Fed. R. Civ. P. 30(b)(4); M.D. Fla. Rule 4.03(d). A sustained degree of mindfulness is required for use of this medium to be worthwhile for everyone involved, and the court expects parties and their counsel to participate as if they were appearing in person. *Cf.* M.D. Fla. Rule 5.03. Everyone who will likely have a substantive speaking role must keep their camera on throughout the proceeding, and anyone who does speak must activate their camera when speaking. Anyone supplying testimony during a videoconference proceeding must present and conduct themselves as if they have taken the stand in a courtroom and are testifying live in front of a judge and jury.

The participants are directed to carefully select their locations to ensure

there are no interruptions or distractions. Furthermore, all participants are to remain in a fixed location and logged into the videoconference throughout the entire proceeding. For a mediation or hearing, the court recommends that each party be in the same physical location as its counsel, despite any ordinary inconvenience.

**12. In-Person Hearings**

Most motions are resolved without a hearing, and some hearings occur remotely. But some matters may be noticed for an in-person hearing. **Motions to excuse an in-person appearance are disfavored**. When selecting the in-person format, the court has already considered, among other things, the anticipated length of the hearing; the number, complexity, and contentiousness of the issues presented; the overall context of the claims and defenses; the procedural history of the case; and the locations of the parties, their counsel (as reflected on the docket), and any potential witnesses.

**13. Discovery Practices**

*a. Generally*

Counsel and unrepresented parties must review and conduct discovery consistent with the Civil Discovery Handbook available on the court's website. The court often resolves discovery disputes on the exact terms set out in the handbook.

The parties must electronically exchange all discovery requests in a text-searchable format (for example, a native word-processing document or a text-

searchable PDF file). Unless a party justifies an express objection in the CMR to service of discovery by email, the court considers all parties (except incarcerated or detained persons not represented by counsel) to have consented to service of discovery by email. *See* Fed. R. Civ. P. 5(b)(2)(E).

In response to a notice or subpoena for a Rule 30(b)(6) deposition, the responding entity must identify its designee(s) by name and any title at least seven days before the deposition and describe the current and any former role the designee(s) have or had with the entity being deposed.

Parties may stipulate—within the confines of the court's orders—to methods, procedures, and extensions of time for discovery without court intervention. *See* Fed. R. Civ. P. 29; Middle District Discovery (2021) § I.A.4. Discovery requests or responses, disclosures under Rule 26(a)(1) or (a)(2), and any related notices or certificates **must not be filed with the court** until they are used in the proceeding, or the court orders the filing. *See* Fed. R. Civ. P. 5(d)(1).

*b.* Streamlined Discovery

The parties may request, or the court may require, streamlined discovery practices. *See* Fed. R. Civ. P. 1, 16(b)(3)(B)(v). This may include informal pre-motion conferences, the use of letter briefs, written short-form discovery, or recurring discovery hearings.

**14. Mediation**

All actions are referred to mandatory mediation. *See* M.D. Fla. Rule 4.03.

**When filing the CMR**, the parties must designate a mediator and state whether the mediator is certified by this court.[5] If the parties designate a mediator who is not certified by the court, they must explain in the CMR why their proposed mediator is particularly well-suited to achieve a resolution.

**15. Removed Cases**

The then-operative complaint, any answer(s) previously filed in the state court proceeding to that complaint, and the state-court docket sheet—if not filed as separate exhibits to the notice of removal—must be filed **within 14 days of this order** as separate exhibits to a supplemental notice.

**16. Civility and Professionalism**

Except as modified by this order, all counsel and parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Counsel must also comply with the Middle District of Florida's Administrative Procedures for Electronic Filing, the Florida Bar Professionalism Expectations, and the Florida Bar Trial Lawyers Section's Guidelines for Professional Conduct.

**17. Compliance**

The parties **must** employ the federal and local rules to secure the just, speedy, and inexpensive disposition of this action. S*ee* Fed. R. Civ. P. 1;

[5] If asked by a judge, a mediator must conduct at least one mediation a year in which the judge determines that a party cannot pay the mediator. See M.D. Fla. Rule 4.02(e). Unrepresented parties or parties with pro bono counsel may ask the court to authorize all or part of their mediator fee be reimbursed by the court's Bench Bar Fund. See M.D. Fla. Bench Bar Plan § IV.E.8; M.D. Fla. Pro Bono Plan § III.E.11.

16(c)(2)(P). Motions or other papers that do not comply with an applicable rule or order may be stricken or summarily denied. Parties, subpoenaed persons, or counsel who do not appear for hearings, appear for hearings unprepared, do not participate in good faith, overlook a court order, or neglect any federal or local rule may be subject to discipline or sanctions, including, but not limited to, default, dismissal, reimbursement of fees and expenses, a financial penalty, remedial education, contempt proceedings, and confinement. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–51 (1991); 18 U.S.C. § 401; 28 U.S.C. §§ 1826, 1927; Fed. R. Civ. P. 11(c), 16(f), 26(g)(3), 30(d)(2), 37(b)–(f), 45(g); M.D. Fla. Rule 1.10(d), 2.04(a), 3.01(g)(3), 3.10.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2026.

/s/ *Sheri Polster Chappell*
Sheri Polster Chappell
United States District Judge

/s/ *Kyle C. Dudek*
Kyle C. Dudek
United States District Judge

/s/ *Nicholas P. Mizell*
Nicholas P. Mizell
United States Magistrate Judge

/s/ *Kevin R. Huguelet*
Kevin R. Huguelet
United States Magistrate Judge